### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

JOHN STANLEY MCCOY,          :
                                  :
             Plaintiff,       :
                                  :
           VS.              :
                                  :    7 : 11-CV-124 (HL)
MICHAEL J. ASTRUE,          :
Commissioner of Social Security,   :
                                  :
            Defendant.     :

---

### RECOMMENDATION

The Plaintiff filed this Social Security appeal on September 16, 2011, challenging the Commissioner's final decision denying his application for child's insurance benefits, finding him not disabled prior to July 26, 1996, within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

### LEGAL STANDARDS

Regulations promulgated by the Social Security Administration provide for the payment of disabled child's insurance benefits if the claimant is 18 years of age or older and has a disability that began prior to the age of 22.   20 C.F.R. § 404.350(a)(5).   Plaintiff bears the burden of establishing that he had a disability prior to attaining the age of 22.   *Id.*; 20 C.F.R. § 404.1512 (a), (c).   In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings

are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue.

*Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401

(1971).   In reviewing the ALJ's decision for support by substantial evidence, this court may not

reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that

the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is

supported by substantial evidence."   *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the

[Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to

apply the correct law or to provide the reviewing court with sufficient reasoning for determining that

the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

The Plaintiff filed an application for child's insurance benefits on April 24, 2008.   (T –

131-138).   His claims were denied initially and upon reconsideration.   (T – 75-77, 81-83).   A

hearing was held before an ALJ on May 6, 2010.   (T – 23-72).   In a decision dated May 28, 2010, the

ALJ determined that the Plaintiff was not disabled.   (T – 8-22).   The Appeals Council denied

Plaintiff's request for review, making the May 2010 decision the final decision of the Commissioner.

(T- 1-4).

### Statement of Facts and Evidence

The Plaintiff was thirty-five (35) years of age at the time of the ALJ's hearing on his claim.   (T-

132).   Plaintiff asserts that he became disabled as of July 27, 1989 at the age of fifteen due to paranoid

schizophrenia.   (T- 139).   Plaintiff had previously filed an application for Supplemental Security

Income benefits in November 2003, and had been found disabled as of November 2003.   (T – 142).

As determined by the ALJ herein, there were no medical signs or laboratory findings to substantiate

the existence of a medically determinable impairment prior to the date the Plaintiff attained age 22. (T - 13).   The ALJ concluded that the Plaintiff had not been under a disability at any time prior to July 27, 1996[1], the date Plaintiff attained age 22.   (T – 19).

## DISCUSSION

*Disability prior to age 22*

In finding that the Plaintiff was not disabled prior to the age of 22, the ALJ noted that "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.   (SSR 96-4p)."   (T – 14).   The ALJ determined that there were no documented medical signs or laboratory findings to substantiate the existence of a medically determinable impairment prior to the Plaintiff's 22nd birthday.   (T – 19).

The Plaintiff maintains that the testimony of Plaintiff and his family was sufficient to establish that he was disabled between the ages of 18 and 22.   Plaintiff's mother, father and sister testified at the hearing before the ALJ, noting an Attention Deficit Disorder diagnosis for the Plaintiff prior to his 22nd birthday, and various examples of behavior that they categorized as abnormal.   (T – 38-40, 54-56, 61-64).   Medical records reflect that the Plaintiff was diagnosed with schizophrenia in 2003, at the age of 29, and that Plaintiff was treated for Attention Deficit Disorder as a teenager, although medical records for the period prior to age 22 apparently no longer exist.   (T – 246, 292, 293).

Plaintiff asserts that the issue is one of determining the proper onset date, controlled by Social Security Ruling 83-20, and that when medical evidence is not available, such date must be inferred. However, as pointed out by the Commissioner, Ruling 83-20 controls situations in which disability

---

[1]  In his Decision, the ALJ sometimes erroneously listed the Plaintiff's birthdate as July 26, rather than July 27.

has been established but an onset date cannot be determined.   *Klawinski v. Comm'r. of Social Sec.*, 391 Fed.Appx. 772, 776 (11th Cir. 2010).   Pursuant to Ruling 83-20, if the medical evidence permits the reasonable inference that the onset date of disabling impairment occurred "some time prior to the date of the first recorded medical examination", then the ALJ should receive testimony of a medical advisor to infer the onset date.   Ruling 83-20 provides that judgment regarding the inference of an onset date "must have a legitimate medical basis."   Herein, nothing has established the Plaintiff's disability between the ages of 18 and 22, and the medical evidence does not support a reasonable inference that onset was prior to Plaintiff attaining age 22.   Medical records dated 2005 and 2006 show that Plaintiff was diagnosed with Attention Deficit Disorder as a teenager, but provide no further detail of the condition.   (T – 271).   In the record herein, there are no medical records for the Plaintiff prior to 2001, and thus nothing upon which to base an inference of earlier onset of disability. *Henrikson v. Astrue*, 2010 WL 959742 (W.D.Wash. March 12, 2010) (ALJ was not required to call a medical expert as medical records were insufficient to provide a reasonable inference of earlier onset date).

Pursuant to 20 C.F.R. § 404.1508, a claimant's "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.   A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."   The ALJ herein did consider the testimony provided by Plaintiff's family, but noted that this testimony alone could not establish disability prior to the age of 22.   (T – 19); *Michael v. Astrue*, 2010 WL 1994905 (E.D.Ky., May 19, 2010) (family testimony as to earlier onset date could not establish said date without medical evidence to support inference).   The ALJ's findings are supported by substantial evidence and were reached through a proper application of the governing

rules and law.

*New evidence*

Plaintiff has also presented a compilation of evidence which he asserts was presented but not fully included in the record before the Administration.   (Doc. 10-1).   In regard to that portion of the presented evidence which is not already included in the record, Plaintiff has not shown that the evidence is material in that it could reasonably be expected to change the ALJ's decision.   Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted.   *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985).   In order to obtain a remand under Sentence Six, the Plaintiff must establish that:   1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level.   *Caulder v. Bowen*, 791 F.2d 872, 879 (11th Cir. 1986).

The new evidence presented by the Plaintiff is not "material" under *Caulder*, as it does not provide a reasonable possibility of changing the finding that Plaintiff was not disabled between the ages of 18 and 22.   The new evidence consists of a letter from Plaintiff's mother attempting to explain the lack of medical records, drug information sheets regarding Plaintiff's Attention Deficit Disorder prescriptions, and a letter from Plaintiff's previous treating physician which letter was part of the Record considered by the ALJ.   *See* T – 375.   Plaintiff has not established a sufficient basis for a Sentence Six remand based on the new evidence presented.

**Conclusion**

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation

of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of ▪ 405(g).   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

      **SO RECOMMENDED**, this 4th day of February, 2013.

                **s/ *THOMAS Q. LANGSTAFF***

                **UNITED STATES MAGISTRATE JUDGE**